IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| THE TOLEDO BLADE CO., et al. | ) | Case No. 3:14cv00746 |
| | ) | |
| Plaintiffs, | ) | JUDGE JAMES G. CARR |
| vs. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, et al. | ) | |
| | ) | |
| Defendants. | ) | |

## STIPULATION FOR COMPROMISE SETTLEMENT AND RELEASE OF FIRST AMENDMENT PRIVACY PROTECTION ACT CLAIMS PURSUANT TO 42 U.S.C. § 2000 aa

It is hereby stipulated by and between Plaintiff The Toledo Blade Company, Plaintiff Jetta Fraser and Plaintiff Tyrel Linkhorn (hereafter Plaintiffs), and Defendant United States of America, by and through their respective attorneys, as follows:

1. Plaintiffs and Defendant United States of America do hereby agree to settle and compromise each and every claim of any kind, whether known or unknown, arising directly or indirectly from any alleged acts or omissions by any current and/or former officer, employee, servant, or agent of the United States of America that gave rise to the above-captioned action under the terms and conditions set forth in this Stipulation for Compromise Settlement and Release.

2. The United States of America agrees to pay the lump sum of eighteen thousand dollars and no cents ($18,000) to Plaintiffs for all claims, attorney fees, and costs. The sum of

eighteen thousand dollars and no cents ($18,000) shall constitute a full settlement, satisfaction and release of any and all claims, demands, rights, and causes of action of whatsoever kind and nature, arising from, and by reason of any and all known and unknown, foreseen and unforeseen bodily and personal injuries, damage to property and the consequences thereof, resulting, and to result, from the subject matter of this settlement, including any claims for constitutional violations, attorney fees and costs, for which Plaintiffs and their guardians, heirs, executors, administrators, or assigns, and each of them, now have or may hereafter acquire against the United States of America, its current and/or former officers, agents, servants, and employees.

3. This settlement is contingent upon Plaintiffs promptly dismissing with prejudice any and all claims in The Toledo Blade Co., et al. v. United States of America, et al., No. 3:14cv00746 (ND Ohio WD), including any and all claims being dismissed with prejudice against Defendant Matthew Hodge, personally and in his official capacity; Defendant Terry Stelzer, personally and in his official capacity; Defendant Andrew Workman, personally and in his official capacity; Defendant Joshua Snyder, personally and in his official capacity, and Defendant Michelle Sipes, personally and in her official capacity. No monetary settlement is paid on any claims made against any Defendant sued in a personal capacity. The parties shall sign a voluntary dismissal, pursuant to Rule 41 of the Federal Rules of Civil Procedure, stipulating to the dismissal of the referenced actions with prejudice. A stipulation of dismissal with prejudice shall be filed in the district court. As set out in paragraph 8 of this Stipulation, Plaintiffs' attorney shall not distribute any funds under this settlement to or on behalf of Plaintiffs until the Order of Dismissal with prejudice is entered.

4. Plaintiffs and their guardians, heirs, executors, administrators, and assigns agree to and do accept this settlement in full settlement, satisfaction, and release of any and all claims, demands, rights, and causes of action of any kind, whether known or unknown, including without limitation any claims for fees, costs, expenses, or constitutional violations arising from any and all known and unknown, foreseen and unforeseen bodily injuries, personal injuries, death, or damage to property, which they may have or hereafter acquire against the United States of America, and/or its current or former officers, agents, servants, or employees on account of the subject matter of the referenced civil action, or that relate or pertain to or arise from directly or indirectly, the subject matter of the referenced civil action. Plaintiffs and their guardians, heirs, executors, administrators, and assigns further agree to reimburse, indemnify, and hold harmless the United States of America, its current and/or former officers, agents, servants, and employees from and against any and all claims, demands, rights, and causes of action of any kind, whether known or unknown, including without limitation claims for subrogation, indemnity, contribution, or lien of any kind, or for fees, costs, expenses, that relate or pertain to or arise from, directly or indirectly, any act or omission that relates to the subject matter of the referenced civil action. Plaintiffs' releases shall include, but are not limited to, all federal defendants, named or unnamed, in The Toledo Blade Co., et al. v. United States of America, et al., No. 3:14cv00746 (ND Ohio WD).

5. This Stipulation for Compromise Settlement and Release is not, is in no way intended to be, and should not be construed as an admission of liability or fault on the part of the United States of America, its current and/or former officers, agents, servants, or employees, including any federal defendant in the referenced civil action and it is

3

specifically denied that they are liable to Plaintiffs. This settlement is entered into by all parties for the purpose of compromising disputed claims under the First Amendment Privacy Protection Act in the referenced civil action and avoiding the expenses and risks of future litigation.

6. It is also agreed by Plaintiffs and Defendant United States of America that the settlement amount of eighteen thousand dollars and no cents ($18,000) represents the entire amount of the compromise settlement including Plaintiffs' attorney fees, costs, and expenses related to the referenced civil action.

7. The persons signing this Stipulation for Compromise Settlement and Release warrant and represent that they possess full authority and mental capacity to bind themselves, the company or entity, and the person or persons on whose behalf they are signing to the terms and conditions of the settlement, and further warrant and represent that they have completely read and fully understand the terms of this agreement and voluntarily accept those terms of their own free will. Plaintiffs agree not to publish, distribute, reproduce, sell or share any of the photographs taken of the Joint Systems Manufacturing Center in Lima, Ohio on March 28, 2014.

8. Payment of the settlement amount will be made by government wire transfer, in the amount of eighteen thousand dollars and no cents ($18,000) as per the following:

    A. Name of Bank:
    B. Street Address of Bank:
    C. City, State and Zip Code of Bank:
    D. Routing Number:
    E. Name of Account:
    F. Account Number:

Plaintiffs' attorney agrees to distribute the settlement proceeds to or on behalf of Plaintiffs, but not before the Order of Dismissal with prejudice is entered in the case, as

specified in paragraph 3.

9. It is contemplated that this Stipulation may be executed in several counterparts, with a separate signature page for each party. All such counterparts and signature pages, together, shall be deemed to be one document.

10. Any and all individual or corporate taxation consequences as a result of this Stipulation are the sole and exclusive responsibility of Plaintiffs. The United States of America does not warrant any representation of any tax consequences of this Stipulation.

11. This written agreement contains all of the agreements between the parties, and is intended to be and is the final and sole agreement between the parties. The parties agree that any other prior or contemporaneous representations or understandings not explicitly contained in this written agreement, whether written or oral, are of no further legal or equitable force or effect. Any subsequent modifications to this agreement must be in writing, and must be signed and executed by the parties.

Executed this 20 day of February 2015.

_____
Authorized Representative
for the Toledo Blade Co.

Executed this 20 day of February, 2015.

_____
Jetta Fraser,
Plaintiff

Executed this 20 day of Febrary, 2015.

_____
Tyrel Linkhorn,
Plaintiff

5

Executed this 5th day of March, 2015.   _____
                                        Fritz Byers
                                        Attorney for the Plaintiffs

Executed this 5th day of March, 2015.   _____
                                        Holly Taft Sydlow
                                        Attorney for the United States

Executed this 5th day of March, 2015.   _____
                                        Guillermo J. Rojas
                                        Attorney for the United States

6